Filed 2/18/16  P. v. Williams CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARTY JAY WILLIAMS,<br><br>Defendant and Appellant. | F069352<br><br>(Super. Ct. No. BF147597A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**<u></u>[*]

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Poochigian, J. and Smith, J.

Appellant Marty Jay Williams appeals from a court finding that he violated his probation in case No. BF147597A. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

<strong><u>FACTUAL AND PROCEDURAL BACKGROUND</u></strong>

On March 27, 2013, at approximately 7:49 p.m., officers responding to a report of people loitering arrived at a location on Martin Luther King Boulevard in Bakersfield, California, where five gang members, including Williams, were huddled in a circle. The gang members then began walking away from each other attempting to leave. Officers conducted a parole search of Williams and found a baggie containing marijuana. The officers searched the area where the suspects had been gathered in a circle and found a baggie containing a brick of marijuana weighing 164 grams. The marijuana obtained from Williams appeared to have come from the brick.

On March 29, 2013, the district attorney filed a complaint charging Williams with possession for sale of marijuana, a gang enhancement (Pen. Code, § 186.22, subd. (b)(1))[1], a serious felony enhancement (§ 1192.7, subd. (c)(28)), three prior prison term enhancements (§ 667.5, subd. (b)), and with having a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On April 12, 2013, Williams pled no contest to possession for sale of marijuana and admitted the prior strike conviction allegations in exchange for the dismissal of the remaining enhancements, an indication by the court that it would strike his prior strike conviction, and a grant of felony probation.

On May 10, 2013, per his negotiated plea, the court struck Williams's prior strike conviction, suspended imposition of sentence, and placed Williams on felony probation for three years, conditioned on Williams serving 90 days in local custody.

---

[1] All further statutory references are to the Penal Code.

On October 22, 2013, Williams was arraigned on a probation violation and the court revoked his probation.

At a hearing on February 26, 2014, the court found that Williams violated his probation based on his conviction of attempted voluntary manslaughter (§§ 664/192, subd. (a)) and two counts of assault with a deadly weapon (§ 245, subd. (a)(1)) in case No. BF151132B.

On April 15, 2014, the court sentenced Williams to the aggravated term of three years, which it ran concurrent to an aggregate term of 23 years Williams received in case No. BF151132B.

Williams's appellate counsel has filed a brief that summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Except for asking for an extension of time that was granted, Williams has not filed a response to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.